## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**RICO MALONE**                                                          **PLAINTIFF**

**v.**                                                                   **No. 4:06CV118-D-A**

**CHRISTOPHER EPPS, ET AL.**                                             **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Rico Malon (#

34269), who challenges the conditions of his confinement under 42 U.S.C. § 1983.  For the

purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated

when he filed this suit.  The plaintiff alleges that the defendants violated due process and

wrongfully found him guilty of a prison rule violation.  As a result of the guilty finding, the

plaintiff was reduced in custody and placed in a higher security setting.  For the reasons set forth

below, the instant case shall be dismissed for failure to state a claim upon which relief could be

granted.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct.

2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a

claim which implicates the Due Process Clause or any other constitutional protection.  As the

Court noted, "States may under certain circumstances create liberty interests which are protected

by the Due Process Clause [, but] these interests will be generally limited to freedom from

restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to

protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and

Dockets.Justia.com

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the plaintiff was accused of a prison rule violation: fighting with another inmate. The plaintiff attended a hearing and was found guilty of the violation. As punishment, the plaintiff was reduced in custody classification and placed in more restrictive housing. As discussed above, a simple change in custody classification does not constitute an "atypical, significant deprivation in which a State might conceivably create a liberty interest," *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), and therefore does not rise to the level of a constitutional violation. As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 21st day of July, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE